

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

March 18, 1963

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. C- 37

Re: Whether shares of stock
are subject to inheri-
tance taxes upon death
of husband where shares
had been issued to hus-
band and wife as joint
tenants with right of
survivorship and had
been purchased by the
husband with the separ-

Dear Mr. Calvert:
ate funds of the wife.

Your letter requesting the opinion of this office on
the above captioned matter reads as follows:

"We desire the opinion of your of-
fice regarding the inclusion for inheri-
tance tax purposes of stock held in
joint tenancy with rights of survivor-
ship, and not as tenants in common,
where the stock was purchased by the
husband with the separate funds of his
wife.

"W. L. C. Poetter died testate, a
resident of DeWitt County on December 4,
1961, and his wife, Mrs. Virginia L.
Poetter, who qualified as independent
executrix, made the required reports as
provided in the inheritance tax law to
close the estate for inheritance tax
purposes. Mrs. Poetter's report was
accepted as filed and the tax paid.

"Subsequently, a request was made
by Mrs. Poetter and refused by this
Department for a waiver of consent to
transfer 255 shares of San Antonio
Drug Company stock standing in her name
and the name of her deceased husband
as joint tenants with rights of

survivorship and not as tenants in
common, because the stock was omitted
from her inheritance tax report.

"Mrs. Poetter has now submitted an
affidavit to this Department setting
out the facts with respect to the pur-
chase of this stock and her attorney
has submitted a memorandum brief giving
his opinion that this was the separate
property of Mrs. Poetter and, therefore,
no part of the estate of W. L. C. Poetter
for inheritance tax purposes. Both of
these instruments are enclosed herewith.

"It appears to us that one-half the
value of this stock is includible in
the inheritance tax report and a tax
due thereon in view of your Opinion
No. WW-1348. Please advise whether
or not our view is correct in this
matter."

We quote the following excerpt from Mrs. Poetter's affi-
davit:

"During the lifetime of my husband,
Wilbert C. Poetter, who died Decem-
ber 4, 1961, and for many years prior
thereto I maintained a checking ac-
count in the First National Bank of
Yorktown, Texas, styled 'Mrs. W. C.
Poetter'. I opened this account in
the early 1940's, prior to 1946, when
oil was begun to be produced from my
separate lands in DeWitt County,
Texas, and I placed my royalty checks
from the production of said oil into
this account. I placed no other funds
in the account except my royalty
checks, which were my separate funds,
and I did this in order to keep my
separate funds apart from any com-
munity property funds of my husband
and myself. No community property
funds were ever placed into this ac-
count, and this account was my sole
and separate property.

>      "From time to time my husband,
> Wilbert C. Poetter, would select vari-
> ous corporations in which I might in-
> vest my funds as they accumulated in
> my separate account aforesaid and at
> his suggestion we would purchase stocks
> in the corporations for me, he placing
> the order for same with the various
> brokerage firms or companies and I would
> then draw a check on the aforesaid ac-
> count in the First National Bank in
> Yorktown, Texas, and thereby use my
> separate funds to purchase the stock
> as part of my separate estate.
>
>      "My husband, Wilbert C. Poetter,
> when he would order the stock for my
> separate estate and property would
> have the shares issued as follows
> (or similarly) 'Wilbert C. Poetter and
> Mrs. Virginia L. Poetter, as joint
> tenants with right of survivorship
> and not as tenants in common'.  This
> was done by him under the impression
> that this would make the stocks easily
> transferable or sold in the event of
> my death before him, whereas if the
> stocks were in my name alone he felt
> there would be much inconvenience
> and expense in transferring or selling
> the stock.  There was no understanding
> between my husband and myself that
> any part of the stocks in question
> were to be anything but my separate
> property during my lifetime and my
> separate funds were used to purchase
> these stocks under the understanding
> that the stocks purchased would be my
> separate property and would be no part
> of his property or estate."

The memorandum brief submitted in connection with the taxpayer's position in this case contains the following paragraph:

>      "It is our feeling that despite the
> stocks being issued in the joint tenancy
> manner as above set forth that the actual
> ownership was still based on the intention

of the parties and the source of the
funds used to purchase same. . . .
With this in mind we feel that the
above shares paid for by Mrs. Poetter's
separate funds were her separate prop-
erty.  Please advise us your ruling on
this."

Attorney General's Opinion No. WW-1348 (June 8, 1962)
held that the decedent's one-half interest in a bank account
which the decedent and another held as joint tenants with
right of survivorship was subject to an inheritance tax when
received by the survivor at the decedent's death.  The opinion
considered the case of Davis v. East Texas Savings & Loan
Association, _____ Tex._____, 354 S.W.2d 926 (1962) which held
that a savings and loan certificate purchased by the husband
with his separate funds and issued in his name, but subsequently
reissued to him and his wife as joint tenants with right of
survivorship, passed at his death to the wife.  At page 931
the Court pointed out that when the contract was made with
the savings and loan association, the wife became vested with
a present, though defeasible, interest in the deposit.  Her
interest would have been defeated if the certificate had been
changed by her husband or the deposit withdrawn before his
death, or if she had predeceased him, but since none of these
things happened, at his death, the wife became the sole owner
of the entire deposit.

The Davis case cannot be distinguished from the case
we are presently considering because it involved a savings
and loan certificate and this case involves stock.  When Mr.
Poetter, acting as agent for his wife, and with her knowledge
and consent as disclosed by Mrs. Poetter's affidavit, made
the contract with the various corporations from which he pur-
chased the stock, and when the stock was issued by the various
corporations to "Wilbert C. Poetter and Mrs. Virginia L.
Poetter, as joint tenants with right of survivorship and not
as tenants in common", both joint tenants became vested with
a present, though defeasible, interest in the stock.

The fact that Mrs. Poetter and her husband intended to
preserve the separate character of her property cannot change
the legal effect of their actual transactions.  You are
therefore advised that at Mr. Poetter's death, Mrs. Poetter
received his one-half joint interest in the stocks involved,
and that such amount is subject to an inheritance tax.

## S U M M A R Y

Where a husband used wife's separate funds, with her knowledge and consent, to purchase stocks issued in his name and in his wife's name as joint tenants with right of survivorship and not as tenants in common, the husband's one-half interest became vested at the time of the purchase subject to being divested, and was, at his death, subject to an inheritance tax upon passing to the survivor under the terms of the contract, despite the fact that the husband and wife had intended the stock to remain the separate property of the wife.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP/jp

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jack Norwood
Howard Fender
Frank Booth